IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

UNITED STATES OF AMERICA,

v.                                                                CAUSE NO.  1:91CR 1032-MMP-AK

JOHN COLLIER WIMS,

      Defendant.
_____/

## REPORT AND RECOMMENDATION

This cause is before the Court on Defendant's motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255.  Doc. 706.  The Government has filed a response, Doc. 713, and Defendant has filed a reply.  Doc. 720.  Defendant has also filed a document entitled "Judicial Notice," in which he argues for application of *Blakely*.  Doc. 764.  This cause is therefore in a posture for decision.  Having carefully considered the matter, the Court recommends that the motion to vacate be denied.

## BACKGROUND

The basic facts of this case were outlined by the Eleventh Circuit following remand from the United States Supreme Court:

> John Collier Wims was indicted by a Northern District of Florida grand jury on December 10, 1991.  Wims was charged in seven of the eleven counts.  Count One charged Wims and six others with conspiracy to distribute cocaine and cocaine base (crack cocaine) in violation of 21 U.S.C. 846 (by virtue of violating 21 U.S.C. §§ 841(a) and 841(b)(1)(A));  Counts Two through Six charged Wims with five separate instances (from January to August 1989) of possession of, with

>the intent to distribute, a mixture containing cocaine, all in violation of 21 U.S.C. §§ 841(a) and 841(b)(1)(A) and 18 U.S.C. § 2.  Count Eleven was a forfeiture count for drug proceeds....
>
>Wims went to trial with four co-defendants; the other two co-defendants testified for the Government at the trial.  A jury found Wims guilty as charged on March 9, 1992.  On May 22, 1992, the district court sentenced Wims to life imprisonment on Counts One and Two, and to forty years' imprisonment on each of Counts Three through Six.  All sentences were to be served concurrently.
>
>Wims appealed, but his appeal was dismissed for want of prosecution.  On November 5, 1998, the district court, in a proceeding brought under 28 U.S.C. § 2255, granted Wims leave to prosecute an out-of-time appeal.  We affirmed the convictions and sentences.  *United States v. Wims*, 207 F.3d 661 (11th Cir. Jan. 4, 2000) (per curiam) (unpublished table decision).  The United States Supreme Court granted Wims petition for a writ of certiorari, vacated our judgment, and remanded for further consideration in light of *Apprendi v. New Jersey*....

*United States v. Wims*, 245 F.3d 1269, 1270-71 (11th Cir. 2001).

Following remand, the Eleventh Circuit first directed the parties to address the impact of *Apprendi*.  In a lengthy letter, appellate counsel from the Office of the Federal Public Defender pointed out that Defendant had argued on direct appeal and in his petition for writ of *certiorari* that his Fifth and Sixth Amendment rights had been violated by the failure of the indictment to charge drug quantity and by the failure of the jury to determine that amount beyond a reasonable doubt.  Doc. 713, Ex. B at 2.  In response to the court's *Apprendi* directions, counsel, citing the Fifth and Sixth Amendment rights to indictment by a grand jury and notice of the nature and cause of charges, argued that the *Apprendi* error in Wims' case was jurisdictional and resentencing was warranted.  *Id.* at 17.  However, even if the court applied plain error or harmless error review, resentencing was required, as "the life sentences and forty-year sentences, as well as the dispute about the amount and the sources of information about the amounts, demonstrate that Mr. Wims' substantial rights have been impinged."  *Id.*

In its post-remand opinion, the Eleventh Circuit addressed one issue: "whether Wims's

sentences should be set aside because they violate the constitutional principle that every element of a crime must be proven to a jury beyond a reasonable doubt." *Wims*, 245 F.3d at 1271. The court "adhere[d] to [its] previous disposition" of three other issues determined adversely to Wims in the original opinion, namely whether there was insufficient evident to prove a conspiracy, whether unreliable hearsay formed the basis for attributing drug quantity to Wims, and whether the prosecutor's closing argument to the jury was impermissible. *Id*. at 1271 n.3.

Using a plain error analysis, the court first found that there was an *Apprendi* error because "Wims's sentences of life imprisonment...and forty years' imprisonment...exceed the twenty year maximum prescribed in section 841(b)(1)(C)." *Id*. at 1272. The court noted

> in passing that even though the indictment did not specify drug quantities, as required...it charged Wims with crimes by alleging violations of section 841(a) and put Wims on notice that he was subject to potential life imprisonment by claiming that his actions violated section 841(b)(1)(A)....[which] served Wims with notice that the Government was charging him with possessing (or conspiring to possess) at least five kilograms of a mixture containing a detectable amount of cocaine or at least fifty grams of a mixture containing cocaine base.

*Id*. at 1272 n.6.

The court next found that the error was plain, as a "sentence that exceeds the statutory maximum without regard to quantity is clear error under current law. This is sufficient for the error to be considered 'plain' even though the law was different at the time of Wims's conviction and sentencing." *Id*. at 1272.

The court found, however, that Wims could not satisfy the third prong of plain error analysis, i.e., he failed "to show that the error affected his substantial rights." *Id*. As to Counts Three through Six, the court examined the trial testimony of a cooperating co-defendant who testified that he "delivered two-kilogram quantities of cocaine to Wims in four successive months in 1989...." *Id*.; *see also id*. at 1272 n.8. Thus,

> [b]ecause the amount of drugs was uncontested on Counts Three through Six, the jury *must* have found that Wims possessed '500 grams or more of a mixture or substance containing a detectable amount of' of cocaine. Because conviction for a violation of 841(b)(1)(B) carries a term of imprisonment between five and forty years, Wims's forty year sentences do not exceed the 'prescribed statutory maximum' sentence in violation of *Apprendi*....Wims's substantial rights were therefore not affected by receiving forty year sentences on Counts Three through Six.

*Id*. at 1273 (emphasis in original).

> As to Count Two, the court stated:
>
> The undisputed testimony at trial was that the amount of cocaine purchased on January 18, 1989, was six one-kilogram packages; the only issue was whether the drugs from this transaction belonged to the defendant. The jury's guilty verdict reveals that they did attribute the drugs to Wims, which necessarily means they attributed six kilograms of cocaine to Wims. Wims failed to object, either at the sentencing hearing or in his written objections to the PSI, to the quantity of drugs from this transaction as six kilograms, providing further support for the proposition that the amount was not at issue.
>
> For Wims to be sentenced to life imprisonment on Count Two after *Apprendi*, we must find that the jury, as a necessary part of its guilty verdict, determined possession of at least five kilograms of cocaine....Because the jury necessarily determined that Wims possessed six kilograms of cocaine when it convicted him on Count Two, Wims's substantial rights were not affected by a sentence of life imprisonment, as authorized by [the statute].

*Id*. at 1273-74.

> As to Count One, the conspiracy count, the court stated:
>
> A finding of at least five kilograms of cocaine is required to authorize a life sentence for Wims....The jury convictions on Counts Two through Six demonstrate that the jury necessarily found at least five kilograms of cocaine, as the substantive offenses in those counts all formed part of the conspiracy. Wims's sentence of life imprisonment on Count One did not, therefore, affect his substantial rights.

*Id*. at 1274.

Because Wims could not meet the third prong of plain error analysis, the court did not

address the fourth factor. *Id*. It then concluded that "[a]lthough there was error in Wims's

sentencing, his substantial rights were not affected by the error" and affirmed his convictions and sentences. *Id*.

Defendant then filed a suggestion for rehearing *en banc*, in which he again argued that "drug quantity is an essential element which must be alleged in the indictment" and the failure of an indictment "to allege essential elements constitutes a jurisdictional defect under both the Fifth and Sixth Amendment." Doc. 713, Ex. C at 4. Defendant specifically focused on the court's relegation of the issue to a footnote and its failure to "address the issue squarely" in the opinion. In Defendant's view, "This ruling is clearly contrary to the precedent of this Circuit and ignores the Fifth Amendment aspect of this issue." *Id*. at 7. Furthermore, he argued that "[i]n declining to consider the argument Mr. Wims presented, the panel implicitly treated it as something less than jurisdictional." *Id*. at 8. Defendant also maintained that "<u>but for a judicial finding of drug quantity</u>, Mr. Wims would have been sentenced as a first offender between 27-33 months, not life." *Id*. at 10 (emphasis in original). According to Defendant, this course clearly conflicted with circuit law and required remand "to determine the proper application of the sentencing guidelines...." *Id*. at 10-13. Defendant concluded: "Because the panel majority's opinion conflicts with precedent of the Supreme Court and of this Circuit, and also because these issues are of critical importance to federal criminal law, bearing on a number of cases, this case should be resolved by the Court *en banc*." *Id*. at 15.

The suggestion for rehearing *en banc* was summarily denied, *United States v. Wims*, 260 F.3d 628 (11th Cir. 2001), and the petition for writ of certiorari was also denied. *Wims v. United States*, 535 U.S. 1098 (2002).

This motion to vacate ensued. On this occasion, Defendant attacks the effectiveness of appellate counsel for failing "to raise on appeal that the indictment was constructively amended"

and "to argue on appeal that the district court erred in sentencing Wims on the basis of a multi-object conspiracy since the district court did not find beyond a reasonable doubt that Wims conspired to commit the greater object offense." Doc. 706, Memorandum at 1. In the Government's view, these "latest arguments are a restatement of issues that were raised and rejected on direct appeal, or have been subsequently disavowed by controlling precedent in this Circuit, and thus do not serve as a basis for any claim of ineffective assistance of counsel." Doc. 713 at 5.

## **DISCUSSION**

Each of Defendant's claims is based on ineffective assistance of appellate counsel. The Eleventh Circuit applies the *Strickland* standards to this type of claim, and thus, the Court begins with a consideration of that case. *Heath v. Jones*, 941 F.2d 1126, 1130 (11th Cir. 1991). To prevail on a constitutional claim of ineffective assistance of counsel, a defendant must demonstrate (1) that his counsel's performance was below an objective and reasonable professional norm, and (2) that he was prejudiced by this inadequacy. *Strickland v. Washington*, 466 U.S. 668, 686 (1984). The Court may dispose of the claim if a defendant fails to carry his burden of proof on either the performance or the prejudice prong. *Id*. at 697. The Court need not address the adequacy of counsel's performance when a defendant fails to make a sufficient showing of prejudice. *Id.* With regard to the performance prong of *Strickland*, a defendant must provide factual support for his contentions that counsel's performance was constitutionally deficient. *Smith v. White*, 815 F.2d 1401, 1406-07 (11th Cir. 1987). The Court must consider counsel's performance in light of all of the circumstances at that time and indulge in a strong presumption that counsel's conduct fell within the wide range of reasonably professional assistance. *Strickland*, 466 U.S. at 689-90. To show counsel's performance was unreasonable, a

defendant must establish that "no competent counsel would have taken the action that his counsel did take." *Grayson v. Thompson*, 257 F.3d 1194, 1216 (11th Cir. 2001) (emphasis omitted). "An ambiguous or silent record is not sufficient to disprove the strong and continuing presumption...that [counsel] did what he should have done and that he exercised reasonable professional judgment." *Chandler v. United States*, 218 F.3d 1305, 1314 n.15 (11th Cir. 2000) (en banc), *cert. denied*, 531 U.S. 1204 (2001). With specific reference to assessing appellate counsel's performance, "the Sixth Amendment does not require appellate advocates to raise every non-frivolous issues." *Heath*, 941 F.2d at 1130-31. Rather, "effective advocates 'winnow out' weaker arguments even though the weaker arguments may be meritorious." *Id*. at 1131. When appellate counsel reviews the entire record, thinks about various claims, and then chooses to pursue only certain issues on appeal, counsel has not rendered ineffective assistance. *Id*. Although a non-appealed issue might have been successful if it had been raised, appellate advocacy must be "judged in its entirety." *Id*.

To show prejudice, a defendant must show more than simply that counsel's unreasonable conduct might have had "some conceivable effect on the outcome of the proceeding." *Strickland*, 466 U.S. at 693. Instead, a defendant must show a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id*. at 694. A "reasonable probability is defined as a probability sufficient to undermine confidence in the outcome." *Id*. Additionally, prejudice is established only with a showing that the result of the proceeding was fundamentally unfair or unreliable. *Lockhart v. Hill*, 506 U.S. 364, 370 (1993). When raised in the context of appellate counsel's effectiveness, to determine prejudice, the Court must review the merits of the neglected claim. *Heath*, 941 F.2d at 1132. "If the Court finds that the neglected claim would have a reasonable probability of success on appeal, then...it is

necessary to find 'appellate counsel's performance prejudicial because it affected the outcome of the appeal.'" *Id*. (citation omitted).

The Eleventh Circuit has recognized that given the principles and presumptions set forth above, "the cases in which habeas petitioners can properly prevail...are few and far between." *Chandler*, 218 F.3d at 1313 (11th Cir. 2000). This is because the test is not what the best lawyers would have done or even what most good lawyers would have done, but rather whether a reasonable lawyer could have acted in the circumstances as defense counsel acted. *Williamson v. Moore*, 221 F.3d 1177, 1180 (11th Cir. 2000), *cert. denied*, 534 U.S. 903 (2001).

I.  Failure to raise constructive amendment of indictment.

In his first claim for relief, Defendant maintains that because he was "convicted and sentenced for a greater offense than charged in the indictment, there is at least a 'reasonable probability' that had counsel raised the issue of 'constructive amendment' on appeal, relief would have been granted." Doc. 706, Memorandum at 8. Defendant reaches this conclusion based on his interpretation of several Supreme Court cases and on his argument that 21 U.S.C. § 841"defines at least three separate offenses," not a single offense with levels of penalties based on certain factors, including drug types and quantities. *Id*. at 5-6.

In response, the Government maintains that Defendant's position not only is at odds with *United States v. Sanchez*, 269 F.3d 1250 (11th Cir. 2001), but also is rebutted by the record which shows that appellate counsel raised the issue with the Eleventh Circuit, albeit by different phrasing, on three separate occasions. Doc. 713 at 7-8.

Constructive amendment of an indictment occurs when the essential elements of the indicted offense are altered so as to broaden the possible bases for conviction beyond what was actually charged in the indictment. *United States v. Singer*, 2005 WL 2605400, at *2 n.2 (11th

Cir. Oct. 14, 2005). The issue of constructive amendment arises most frequently when the evidence presented at trial or the court's instructions to the jury so modify the elements of the offense alleged in the indictment that a defendant may have been convicted for a crime not charged by the grand jury. *Id.* Constructive amendment of an indictment is *per se* reversible error because it violates a "fundamental principle stemming from [the Fifth Amendment]...that a defendant can only be convicted for a crime charged in the [grand jury's] indictment." *United States v. Keller*, 916 F.3d 628, 633 (11th Cir. 1990).

It cannot be disputed that appellate counsel did not use the phrase "constructive amendment" at any time on appeal. However, it is clear that counsel repeatedly attempted to focus the appellate court's attention on the Fifth Amendment aspects of her arguments and cited the same Supreme Court cases on which Defendant now relies. *Compare*, *e.g.*, Doc. 713, Ex. C at 4-9 (Suggestion for Rehearing *En Banc* prepared by counsel, citing and discussing *Jones v. United States*, 526 U.S. 227 (1999) and *Stirone v. United States*, 361 U.S. 212 (1960)), *with* Doc. 706, Memorandum at 7 (Defendant's argument: "Since precedent such as Jones and Stirone, among others, were reasonably available to counsel, counsel's failure to raise this issue on appeal was unreasonable...."). Counsel's failure to use the term "constructive amendment" does not diminish the gist of her argument which was that Defendant was convicted and being punished for something with which the grand jury did not charge him. Counsel could not be expected to foresee that one Eleventh Circuit judge, in a footnote in a concurring opinion, would use the phrase "constructive amendment" in an *Apprendi* context. *See Sanchez*, 269 F.3d at 1307 n.6 (Barkett, J., concurring in result only) ("If we are required to treat drug quantity as an element, then we ought to consider cases in which an element...was omitted from an indictment, and act accordingly, treating drug quantity the same way. Constructive amendment of the

indictment cases like...*Stirone* provide the best guide") (emphasis omitted). The fact that the appellate court did not find persuasive the Fifth Amendment arguments presented is not ineffective assistance of counsel.

II.     Failure to argue that Court erred in sentencing Defendant for multi-object conspiracy.

This ground fails based on the simple fact that counsel did in fact argue in the very first ground on appeal that "the Government charged a single conspiracy, and its misguided view of the case was that everyone with any connection to drugs in Gainesville was part of the conspiracy; the evidence instead showed that there were many separate drug operations rather than one single enterprise." Doc. 713, Ex. A at iii & 15-21. There was no omission of this issue on appeal, as Defendant suggests. *See* Doc. 706, Memorandum at 11. It was argued and rejected.

## **CONCLUSION**

Defendant's *Blakely* argument must also fail. Following its decision in *Blakely v. Washington*, which involved the constitutionality of state sentencing guidelines, the United States Supreme Court determined that *Blakely* applies to the Federal Sentencing Guidelines as well. *United States v. Booker*, ____ U.S. ____, 124 S.Ct. 2519, 159 L.Ed. 2d 442 (2004). However, the Eleventh Circuit has determined that *Booker* is not retroactively applicable to cases on collateral review, as "*Booker*'s constitutional rule falls squarely under the category of new rules of criminal procedure that do not apply retroactively to § 2255 cases on collateral review." *Varela v. United States*, 400 F.3d 864, 868 (11th Cir. 2005).

Having found that appellate counsel did not render ineffective assistance, it is respectfully **RECOMMENDED** that the motion to vacate, set aside, or correct sentence, Doc. 706, be **DENIED**.

*Case No: 1:91CR1032-MMP/AK*

*Page 11 of 11*

**IN CHAMBERS** at Gainesville, Florida, this **20th** day of October, 2005.

          s/ A. KORNBLUM
          **ALLAN KORNBLUM**
          **UNITED STATES MAGISTRATE JUDGE**

### NOTICE TO THE PARTIES

**A party may file specific, written objections to the proposed findings and recommendations within 15 days after being served with a copy of this report and recommendation. A party may respond to another party's objections within 10 days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**