IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

UNITED STATES OF AMERICA,

v.  CASE NO. 1:91-cr-01032-MP-AK

JOHN COLLIER WIMS,

    Defendants.
_____/

# O R D E R

This matter is before the Court on Doc. 788, Motion for Certificate of Appealability, filed by John Collier Wims. Having considered the facts of this case and the applicable law, the Court finds that Petitioner's request should be DENIED.

The COA requirement is a result of amendments made to 28 U.S.C. § 2253 by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214. All appeals of habeas petitions which are filed after April 24, 1996, the effective date of the AEDPA, require that a habeas petitioner first receive a COA before a circuit court can hear the petitioner's appeal. See Hunter v. United States, 101 F.3d 1565, 1573 (11th Cir. 1996) (en banc), cert. denied, 117 S.Ct. 1695, 137 L.Ed.2d 822 (1997). Pursuant to the statute, "[a] certificate of appealability may issue . . . only if the applicant has made a *substantial showing* of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2) (emphasis added). Section 2253(c)(3) requires the district court to indicate which specific issues, if any, a habeas petitioner is entitled to raise. In order to make the requisite "substantial showing of the denial of a constitutional right" [28 U.S.C. § 2253(c)(2)], "a petitioner who has been denied relief in a district court 'must demonstrate that the issues are debatable among jurists of reason; that a court *could* resolve the issues [in a different manner]; or that the questions are adequate to deserve

encouragement to proceed further.'" <u>Lozada v. Deeds</u>, 498 U.S. 430, 432, 111 S.Ct. 860, 862, 112 L.Ed.2d 956 (1991) (emphasis and brackets in original) (quoting <u>Barefoot v. Estelle</u>, 463 U.S. 880, 893, n.4, 103 S.Ct. 3383, 3394, n.4, 77 L.Ed.2d 1090 (1983)) If a petitioner fails to make such a showing, his or her request for a COA must be denied.  <u>See</u>, <u>e.g.</u>, <u>United States v. Riddick</u>, 104 F.3d 1239, 1241 (10th Cir. 1997); <u>Hohn v. United States</u>, 99 F.3d 892, 893 (8th Cir. 1996), <u>petition for cert. filed</u> (May 12, 1997) (No. 96-8986).

    Previously, the Court entered an order denying Mr. Wims' § 2255 petition. Mr. Wims then filed a Rule 59(e) motion arguing that the Court lacked subject matter jurisdiction to sentence him to a mandatory minimum sentence because drug amounts were not charged in his indictment. This argument was specifically raised and rejected in <u>McCoy v. U.S.</u>, 266 F.3d 1245 (11th Cir. 2001).  Accordingly, the motion to alter or amend, doc. 785, was denied, and no reasonable jurists would debate the fact that petitioner's habeas corpus petition was properly dismissed.  Therefore, Petitioner cannot make a substantial showing of the violation of a constitutional right and the Application for Certificate of Appealability is denied.

    Accordingly, it is hereby

**ORDERED AND ADJUDGED:**

1. Petitioner's Notice of Appeal, construed as an Application for a Certificate of Appealability (doc. 788) is DENIED.

2. The clerk is directed to forward a copy of this order and an updated docket sheet to the Eleventh Circuit Court of Appeals.

**DONE AND ORDERED** this  *27th*   day of April, 2006

                      *s/Maurice M. Paul*
                Maurice M. Paul, Senior District Judge

*Case No: 1:91-cr-01032-MP-AK*